United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60386
Summary Calendar

_____

MARY MILLER, legal guardian of Jordan Miller,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 1:02-CV-656)

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this Federal Tort Claims Act ("FTCA") case, Mary Miller, on behalf of her minor

child, appeals the district court's judgment, following a bench trial, that Miller take

nothing from the United States on her claim that an Air Force Child Development Center

("CDC") negligently supervised Miller's minor child, thereby allowing the child to be

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

abused by another child under the CDC's care.  We affirm.

## I.  FACTS AND PROCEEDINGS

Miller alleged that her daughter, Jordan, was injured during an encounter with a four-year old boy, J.C.; Jordan was five years old at the time. The alleged incident occurred while both children were attending the CDC at Keesler Air Force Base in Biloxi, Mississippi. After the district court denied the CDC's motion for summary judgment as to claims brought on behalf of Jordan, the case was tried as a bench trial. At the trial, Jordan testified that, during nap time, J.C. laid on her, removed some of her clothing, and thrust a plastic toy between her legs, causing injury. The district court found that, while an incident similar to what Jordan described may have occurred, there were inconsistencies between Jordan's testimony and other fact testimony that called into question Jordan's version of events: The court found that the physical evidence was not consistent with a thrust as Jordan described it, and Jordan did not cry out under circumstances that, if true, "must have been extremely painful and stressful." The district court credited the CDC employees who testified that the room where Jordan and J.C. napped would have been monitored on the date in question; accordingly, the district court did not credit testimony by Jordan that tended to indicate that no teachers were in the room.[1]

The district court concluded that Miller had not met her burden of proving

---

[1]Miller's position is that Jordan testified, by affidavit and at trial, that there were no CDC employees in the room, not that she merely did not see any employees. The transcript of trial reveals that Jordan stated that no employees were in the room. However, the transcript also reveals that Jordan based her belief that there were no CDC employees in the room on the fact that she neither saw nor heard them.

2

causation and that Miller did not prove that the CDC had breached a duty of ordinary care. Specifically, the district court stated that "[t]here is no evidence in the record which tends to indicate that J.C. had ever assaulted this child before or for that matter had ever assaulted any other child. Consequently, the CDC [had] no notification or had no reason to believe that an incident of such a short duration and in which there was no notification would even occur." The district court entered a judgment that Miller take nothing.

## II. STANDARD OF REVIEW

This court reviews bench trial findings of fact for clear error and conclusions of law de novo. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Evidentiary and discovery-related rulings are reviewed for abuse of discretion. *See Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 444 (5th Cir. 2001).

## III. DISCUSSION

In this FTCA action, the substantive law of Mississippi applies. *See Cleveland ex rel. Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006). The elements of negligence under Mississippi law are (1) duty, (2) breach of that duty, (3) causation, and (4) injury. *L.B. Gulledge v. Shaw*, 880 So.2d 288, 292 (Miss. 2004). Schools are not the insurers of the safety of students, but they have the duty of exercising ordinary care. *Summers v. St. Andrew's Episcopal Sch., Inc.*, 759 So.2d 1203, 1213 (Miss. 2000). In arguing that the district court erred, Miller contends that the record evidence supports a view that the encounter, as described by Jordan, did occur. Miller also argues that the court's finding that the CDC did not breach its duty was erroneous because none of the defendants' witnesses could

3

contradict Jordan's versions of events and because Jordan's testimony establishes that no CDC employees were in the room.

We cannot conclude that the district court clearly erred. That the event as described by Jordan, or something similar, did occur does not by itself establish that the CDC breached its duty of care because a school is not the insurer of a child in its care. *Summers*, 759 So.2d at 1213. As to whether the CDC breached its duty of care by not adequately supervising the children, the district court credited CDC's version of events. The court was presented with conflicting evidence as to whether CDC employees were in the room when the events precipitating this lawsuit occurred. Jordan stated that no teachers were in the room based on the fact that she neither saw nor heard them. Other witnesses testified that the room would have been monitored both by an attendant in the room and by closed-circuit television. We also note that testimony indicated that Jordan did not cry out, and the district court found—based on testimony by CDC employees—that the CDC had no reason to suspect that J.C. or any other student would have engaged in the actions alleged. The district court's findings were not clearly erroneous, and the district court did not err in finding that the CDC did not breach its duty of ordinary care.[2] *See Perez v. United*

---

[2]Miller also argues that the district court abused its discretion when it denied Miller the opportunity to depose an Air Force attorney who signed answers to interrogatories. However, as noted by the government, this attorney was not a fact witness; he was an Air Force attorney charged with the duty of collecting information regarding this lawsuit because it was more efficient for one person to perform this task. Miller had ample opportunity to discover facts from other available witnesses who had knowledge of the pertinent circumstances. Miller has not demonstrated that the district court abused its wide discretion afforded under FED. R. CIV. P. 26(b).

*States*, 830 F.2d 54, 58–59 (5th Cir. 1987) (affirming a finding of comparative negligence by the plaintiff when conflicting evidence was presented); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.